UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SIMONE T. JORDAN-EL,

        Plaintiff,

v.                                   Case No. 1:05-cv-424

                                       HON. ROBERT HOLMES BELL

G. MCLELLAN, et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

       Plaintiff Simone T. Jordan-El, an inmate currently housed at the Saginaw Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against several employees of the Michigan Department of Corrections (MDOC). Specifically, Defendants include Hearings Investigator Gary McClellan, Grievance Coordinator Jeff Minnerick, and Office of Policy and Hearings Administrator Richard B. Stapleton, all of whom are employed at the Earnest C. Brooks Correctional Facility (LRF).

       Plaintiff filed this action on June 20, 2005, asserting conspiracy and First Amendment claims based on allegations that Defendants "acted in concert" to deny him a "complete hearing record" related to a June 12, 2002, administrative hearing on a major misconduct charge. Plaintiff states that he was at housed at LRF during the pertinent time period. Plaintiff alleges that he made requests for certain material in the possession of Defendants Minnerick and McClellan, which Plaintiff claims was necessary "for the purpose of evaluating issues for appeal." Further, Plaintiff alleges that Defendant Stapleton failed to take corrective action after being notified, through

Plaintiff's administrative appeal, that Plaintiff had not received a "complete" copy of the administrative hearing record. Plaintiff claims that his efforts to exhaust administrative remedies before filing this action were thwarted by his modified access to the MDOC grievance procedure and Defendant Minnerick's failure to respond to his request for grievance forms.

Presently before the Court is Defendants' Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(6) and/or Motion for Summary Judgment, pursuant to Fed. R. Civ. P. 56. Plaintiff has filed a response and the matter is ready for decision. Because both sides have asked that the Court consider evidentiary materials beyond the pleadings, the standards applicable to summary judgment apply. *See* Fed. R. Civ. P. 12(b).

Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff's response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (citing *Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately,

the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id*. at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Defendants claim that Plaintiff has not met his burden of demonstrating exhaustion, and he has not demonstrated an inability to exhaust administrative remedies. The exhaustion requirement, codified in 42 U.S.C. § 1997e(a), provides as follows:

> No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; Booth, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999). A district court must enforce the exhaustion requirement sua sponte. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998),

A prisoner must allege and show that he has exhausted all available administrative remedies and should attach to his § 1983 complaint the administrative decision disposing of his complaint, if the decision is available. *Brown*, 139 F.3d at 1104. In the absence of written documentation, the prisoner must describe with specificity the administrative proceeding and its outcome. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000). A prisoner must make

particularized averments as necessary for the district court to determine what, if any, claims have been exhausted or what has been done in an attempt to exhaust the claims.  *Id.*

Plaintiff claims an inability to exhaust the claims asserted in this action through the grievance process, citing his placement on modified access and claiming Defendant Minnerick denied his request for a grievance form.  In support of this assertion, Plaintiff submitted copies of MDOC Memoranda showing he was on modified access.  Defendants note that MDOC prisoner grievance filings are governed by MDOC Policy Directive 03.02.130 "Prisoner/Parolee Grievances," which permit inmate grievance filings "regarding alleged violations of policy and procedure or unsatisfactory conditions of confinement which directly affect the grievant."  A prisoner who abuses the grievance process is placed on modified access to the grievance procedure and is required to obtain a grievance form through the Step I Grievance Coordinator.

Defendant Minnerick attests that at no time has he ever received a request for a grievance form from Plaintiff to complain of the wrongdoing alleged in Plaintiff's civil rights complaint.  Defendants point out that Plaintiff did submit a request for a grievance form dated June 12, 2002; however, that request was unrelated to Plaintiff's allegations of a conspiracy to withhold a June 12, 2002, administrative hearing packet.  Instead, Plaintiff sought to file a grievance against Defendant Minnerick for "not being allowed to file a grievance" against non-defendants regarding alleged facts leading to the fight for which Plaintiff was found guilty.  Thus, in the opinion of the undersigned, Plaintiff has not met his burden of demonstrating exhaustion, and he has not demonstrated an inability to exhaust administrative remedies.  Consequently, the undersigned

recommends that Plaintiff's complaint be dismissed without prejudice for failure to exhaust administrative remedies.[1]

In the alternative, the undersigned notes that Defendants' argument for summary judgment on the merits of Plaintiff's claims appears to be persuasive. Plaintiff asserts that Defendants violated his First Amendment rights by denying him a copy of the complete hearing packet of all documentation of the June 12, 2002, major misconduct hearing which was motivated by Plaintiff seeking to investigate and evaluate the record for issues for appeal. Based on Plaintiff's allegations, it appears that he is claiming his constitutional right of access to the courts has been denied. It is well established that prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). The principal issue in *Bounds* was whether the states must protect the right of access to the courts by providing law libraries or alternative sources of legal information for prisoners. *Id*. at 817. The Court further noted that in addition to law libraries or alternative sources of legal knowledge, the states must provide indigent inmates with "paper and pen to draft legal documents, notarial services to authenticate them, and with stamps to mail them." *Id*. at 824-25. An indigent prisoner's constitutional right to legal resources and materials is not, however, without limit. In order to state a viable claim for interference with his access to the courts, a plaintiff must show "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1, 1999); *Knop v. Johnson*, 977 F.2d 996, 1000 (6th Cir. 1992), *cert. denied*, 507 U.S. 973 (1993); *Ryder v. Ochten*, No. 96-2043, 1997 WL 720482, *1-2 (6th Cir. Nov. 12, 1997). In other words, a plaintiff must plead and demonstrate that the shortcomings in the

---

[1]Dismissal of this action without prejudice is appropriate when a prisoner has failed to show that he exhausted available administrative remedies. *See Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999); *Brown*, 139 F.3d at 1104; *White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997).

prison legal assistance program or lack of legal materials have hindered, or are presently hindering, his efforts to pursue a nonfrivolous legal claim. *Lewis*, 518 U.S. at 351-353; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

Defendants assert that Plaintiff does not claim he never received a copy of the administrative hearing packet regarding the June 12, 2002 Major Misconduct Hearing. Nor does Plaintiff claim that he was prevented from appealing the hearing officer's decision. Defendants argue that Plaintiff simply sets forth vague allegations of non-receipt of a "complete" hearing packet while contemporaneously acknowledging that he appealed the hearing officer's decision to the MDOC's Office of Policy and Hearings. Therefore, in the opinion of the undersigned, Plaintiff does not allege actual injury. Consequently, Plaintiff's First Amendment access to the courts claim lacks merit.

With regard to Plaintiff's conspiracy claim, Defendants argue that the complaint averments are vague and conclusory and make no showing of violation of Plaintiff's federal rights. It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under 42 U.S.C. § 1983. *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987); *Jaco v. Bloechle*, 739 F.2d 239, 245 (6th Cir. 1984). "A civil conspiracy is an agreement between two or more persons to injure another by unlawful action." *Moore v. City of Paducah*, 890 F.2d 831, 834 (6th Cir. 1989); *Hooks v. Hooks*, 771 F.2d 935, 943-944 (6th Cir. 1985). In order to prove a civil conspiracy, a plaintiff must show that there was a single plan, that the coconspirators shared in the objective of the conspiracy, and that an overt act was committed in furtherance of the conspiracy. *Moore*, 890 F.2d at 834; *Hooks*, 771 F.2d at 943-944. In this case, Defendants correctly note that Plaintiff's

allegations do not show the existence of an agreement to injure Plaintiff by unlawful action. As noted by Defendants, even if the allegations in Plaintiff's complaint are taken as true for purpose of argument, an alleged failure to respond to a prisoner's request is not unlawful. *Collyer v. Darling*, 98 F.3d 211, 229 (6th Cir. 1966). Moreover, Plaintiff's allegations make no showing of a single plan or the sharing of a conspiratorial objective. *Moore*, 890 F.2d at 834; *Hooks*, 771 F.2d at 943-944. Therefore, in the opinion of the undersigned, Plaintiff's claim of conspiracy is without merit.

Furthermore, Defendants claim that they are entitled to qualified immunity on Plaintiff's claims. Government officials, performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999); *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997); *Noble v. Schmitt*, 87 F.3d 157, 160 (6th Cir. 1996); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). An "objective reasonableness" test is used to determine whether the official could reasonably have believed his conduct was lawful. *Dietrich*, 167 F.3d at 1012; *Anderson v. Creighton*, 483 U.S. 635, 641 (1987).

"The procedure for evaluating claims of qualified immunity is tripartite: First, we determine whether a constitutional violation occurred; second, we determine whether the right that was violated was a clearly established right of which a reasonable person would have known; finally, we determine whether the plaintiff has alleged sufficient facts, and supported the allegations by sufficient evidence, to indicate that what the official allegedly did was objectively unreasonable in light of the clearly established constitutional rights." *Williams v. Mehra*, 186 F.3d 685, 690 (6th Cir. 1999).

When determining whether a right is clearly established, this court must look first to decisions of the United States Supreme Court, then to decisions of the Sixth Circuit and to other courts within this Circuit, and finally to decisions of other circuits. *Dietrich*, 167 F.3d at 1012. An official action is not necessarily protected by qualified immunity merely because the very action in question has not previously been held to be unlawful. Rather, in light of pre-existing law, the unlawfulness of the official's conduct must be apparent. *Dietrich*, 167 F.3d at 1012; *Wegener v. City of Covington*, 933 F.2d 390, 392 (6th Cir. 1991).

When making a qualified immunity analysis, the facts must be interpreted in the light most favorable to the plaintiff. Part of the analysis is to determine whether there are any genuinely disputed questions of material fact. *Kain v. Nesbitt*, 156 F.3d 669, 672 (6th Cir. 1998). Where there is a genuinely disputed question of fact, it is for the trier of fact to resolve, not the judge. "This would be true notwithstanding that the trial judge found the [defendant] officer to be more credible than the plaintiff because it is not for the court to make credibility determinations at this stage of the proceeding." *Id.*

The operation of the qualified immunity standard depends substantially upon the level of generality at which the relevant legal rule is to be identified.

> The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in light of the preexisting law the unlawfulness must be apparent.

*Anderson*, 483 U.S. at 639-40. *See also Durham v. Nu'Man*, 97 F.3d 862, 866 (6th Cir. 1996), *cert. denied*, 520 U.S. 1157 (1997).

-8-

The Sixth Circuit has observed:

> "A right is not considered clearly established unless it has been authoritatively decided by the United States Supreme Court, the Court of Appeals, or the highest court of the state in which the alleged constitutional violation occurred."

*Durham*, 97 F.3d at 866 (citing *Robinson v. Bibb*, 840 F.2d 349, 351 (6th Cir. 1988)).

Thus, qualified immunity is not triggered only where the very action in question was previously held unlawful.  *Anderson*, 483 U.S. at 639-40.  Rather, the test is whether the contours of the right were sufficiently clear that a reasonable official would understand that what he is doing violated plaintiff's federal rights.  *Id.*

Defendants assert that Plaintiff has not demonstrated that their alleged conduct violated Plaintiff's constitutional rights for the reasons stated above.  Therefore, in the opinion of the undersigned, Defendants are entitled to qualified immunity with regard to Plaintiff's claims.

In summary, in the opinion of the undersigned, Plaintiff's action is properly dismissed without prejudice for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a).  In the alternative, the undersigned finds that Plaintiff has not sustained his burden of proof in response to Defendants' motion for summary judgment with regard to the merits of his First Amendment and conspiracy claims.  In addition, the undersigned concludes that Plaintiff's claims are barred by the doctrine of qualified immunity.  Accordingly, it is recommended that Defendants' Motion for Summary Judgment (Docket #12) be granted.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten days of your receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich.

LCivR. 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal those issues or claims addressed or resolved as a result of the Report and Recommendation.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).


 /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:  July 11, 2006